978 F.2d 1254
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth C. HALL, Petitioner,
v.
CLINCHFIELD COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 92-1086.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 28, 1992
Decided: November 3, 1992
 
 On Petition for Review of an Order of the Benefits Review Board. (89-540-BLA)
 ARGUED: Hugh Patrick Cline, Jr., Frederick Wayne Adkins, Cline, Adkins & Cline, Norton, Virginia, for Appellant.
 Timothy Ward Gresham, Penn, Stuart, Eskridge & Jones, Abingdon, Virginia, for Appellee.
 Ben. Rev. Bd.
 Affirmed.
 Before HAMILTON, Circuit Judge, BUTZNER, Senior Circuit Judge, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Claimant, Kenneth C. Hall, applied for benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §§ 901-945. He appeals the decision of the Benefits Review Board (Board), upholding the Administrative Law Judge's (ALJ) denial of benefits. We find no error and affirm.
 
 
 2
 Hall worked underground in the coal mines for at least eighteen years, and above ground for another two years, with the Clinchfield Coal Company. He would, therefore, be entitled to invoke an interim presumption of eligibility for benefits for coal miner's pneumoconiosis (black lung) if he could show the existence of one of the four factors listed at 20 C.F.R. § 727.203(a)(1) through (4). These are: (1) a chest x-ray or biopsy establishing the existence of pneumoconiosis; (2) ventilatory studies establishing the presence of a chronic respiratory or pulmonary disease of a certain severity; (3) blood gas studies which establish the presence of a certain degree of impairment in the transfer of oxygen from the lung alveoli to the blood; or (4) other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishing the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 3
 Hall submitted chest x-rays and "other medical evidence" to attempt to invoke the presumption under either parts (1) or (4). The ALJ found that neither of the two factors had been established. The Benefits Review Board affirmed.
 
 
 4
 To gain the benefit of the interim presumption, an otherwise eligible claimant need show the existence of only one of the four factors. However, he must show it by the preponderance of the evidence, in the light of all the evidence that bears on that factor. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135 (1987). We review administrative findings below primarily for errors of law, and will overturn findings of fact only when they are not supported by substantial evidence. Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469 (1947).
 
 
 5
 The first of the factors to be considered is chest x-rays. The ALJ noted that of fifty-three available x-rays, seven were positive for simple or minimal pneumoconiosis. Of the forty-six negative readings, forty-three were read by highly qualified B-Readers and twenty-two of the most recent twenty-six x-rays were negative. Hall disputes these numbers, claiming that the ALJ did not count four positive readings and that many of the negative readings were x-rays that were read again. Even accepting Hall's arguments, it is clear that most of the readings were negative, most of the B-Readers read the x-rays as negative, and most of the recent readings were negative. The ALJ's finding was, therefore, supported by substantial evidence, and we are not entitled to say which side of the conflicting evidence is more persuasive. Sharpless v. Califano, 585 F.2d 664, 669 (4th Cir. 1988).
 
 
 6
 Hall argues that he has established the last factor by the weight of the medical evidence and physicians' testimony. This factor gives rise to the interim presumption if: "(4) other medical evidence including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment...." 20 C.F.R. § 727.203(a)(4). Several of the physicians who examined Hall were willing to say that he suffered from some degree of respiratory or pulmonary impairment or pneumoconiosis. The ALJ, however, chose to rely on the diagnosis of a pulmonary disease specialist who performed a full range of tests and found that Hall's medical problems were not caused by pneumoconiosis. The ALJ was entitled to weigh conflicting evidence and determine which evidence is more persuasive. Because the ALJ's decision with respect to the "other medical evidence" was also supported by substantial evidence, it must be affirmed.
 
 
 7
 The ALJ and the Board properly ruled that the claimant had failed to show any of the four factors that would entitle him to the interim presumption and that claimant was not entitled to benefits. The judgment is affirmed.
 
 AFFIRMED